IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. : | |
| d/b/a IOU FINANCIAL, INC. : | |
| : | |
| Plaintiff, : | |
| vs. : | CASE NO. 1:20-cv-00112-SDG |
| : | |
| CHRISTOPHER CHADD LADD et al : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S UNOPPOSED MOTION
TO TRANSFER CASE AND FOR LEAVE**

Plaintiff IOU moves to transfer this case to the Eastern District of North Carolina and for related leave, incorporating its Second Amended Complaint [SAC Doc 43] and other documents of record as follows.

1. Defendants Christopher Ladd, Brittney Ladd, Rickey Van Ladd and NDL are citizens of North Carolina, who obtained, guaranteed or benefitted from a Promissory Note by IOU for a principal sum of $109,000.00, [SAC ¶¶ 7-44].

2. IOU seeks relief as to Defendants per their misconduct directed to Georgia, as well as certain Property at issue [SAC ¶¶ 25, 64-98].

3. IOU filed an Amended Complaint [Doc 18], previously removing Defendant Sheila Ladd from this case, who raised an unsupported defense of personal jurisdiction [Doc 14].

4. However, IOU just discovered that Sheila Ladd has an invalid lien interest in the Property at issue, a Deed of Trust, requiring her to be re-joined to this case [SAC ¶¶ 70-78]. This party will undoubtedly again object to personal jurisdiction here, who has not yet been served.

5. Furthermore, IOU seeks to ultimately enforce its security interest as to the Property at issue, including its foreclosure and title.

4. Given these issues, IOU moves to transfer this case to the Eastern District of North Carolina where the property is located with the Defendants.

5. IOU also seeks leave to have this Motion and the SAC accepted after the deadline of the Order [Doc 42], particularly as this Motion is filed well before the start of the next business day and will not prejudice any party or delay this case as detailed in the Motion. The filing of the SAC was delayed due to the discovery of the unexpected title issue involving the Deed of Trust.

6. A proposed order is attached as **Exhibit 1**.

## MEMORANDUM

The Court is requested to take judicial notice of these matters per Fed. R. Evid. 201, including the records and dockets of the cases cited.

I. **<u>The Court should transfer the Case.</u>**

Venue may be proper for a case in more than one district, such as substantial parts of the claim at issue occurring in both districts. **<u>Kolodziej v. Mason</u>**, LEXIS 54562 *16-17, 2011 WL 2009467, at *6-*7 (N.D. Ga. 2011) [venue proper in Georgia and Florida on breach of contract action as substantial part of events of case occurred in Florida, where initial offer and alleged breach took place, and Georgia, where contract formation and performance occurred but transferred case to Florida per 28 U.S.C. § 1404]. **<u>Hartford Cas. v. Sany Am</u>**, 991 F. 2d. 1303, 1307 (N.D. Ga. 2014) [venue proper in Texas and Georgia on declaratory action regarding accident insurance but transferred case to Texas per § 1404]

However, per 28 U.S.C. § 1404(a). the Court may, in the interests of justice, transfer the case to the Court "in which it could have been brought," which includes the Eastern District of North Carolina. **<u>Turfgrass v. Carolina Fresh Farms</u>**, LEXIS 33633 * 12-13 (M.D. Ga. 2010) [transferred case to South Carolina, per § 1404, citing interests of justice, as acts and omissions at issue occurred there and defendants resided there]; **<u>Fuente Cigar v. United Tobacco</u>**, LEXIS 57718 (N.D. Ga. 2005) [transferred case to Southern District of Florida where it may have been brought per Florida defendants, even though venue was also proper in the Northern District of Georgia, citing § 1404] **<u>Bell v. Rosen</u>**,

LEXIS 126752 * 21-22, *33-34, *49-50 (S.D. Ga. 2015) [transferred case per § 1404, citing convenience of parties and witnesses and locus of factors]

IOU will be seeking enforcement of its security interest at issue, including foreclosure of and title to the real property at issue, ultimately requiring this case to be in Eastern District of North Carolina, which can be transferred there now. **Chicester v. Cook**, LEXIS 16624 (M.D. Fla. 2012) [explaining difference between declaratory action and foreclosure and title to real property, requiring venue in location of the property] The Court should transfer the case to the Eastern District of North Carolina, where venue and jurisdiction are proper for all Defendants.

## II.     Plaintiff should be granted leave to file this Motion.

IOU's counsel apologizes for the untimely filing of this Motion and the SAC but realized further research and writing was required to complete them per the Deed of Trust issue.  This Motion and the SAC are filed before the start of the next business day which the Court should accept.  IOU acted in good faith in seeking this minor relief. **Buford v. City of Atlanta**, LEXIS 166286 (N.D. Ga. 2011) [permitted amended response to motion, filed 4 days after deadline, which did not prejudice adversary] The relief will not prejudice any party. **Pioneer v. Brunswick**, 507 U.S. 395 (1993) [accepted late proof of claim]; **Looney v. Owens**, LEXIS 1827 *6-7 (N.D. Ga. Bankr. 2007) [declined to dismiss case per 2-day delay in filing status

report, which did not injure court or any party in the case, in which plaintiff was otherwise diligent and adequately explained the delay] This Motion is filed before the start of the business day, which will not prejudice a party or delay this case.

## CONCLUSION

IOU respectfully requests the Court accept this Motion and the SAC and transfer the case to the Eastern District of North Carolina and grant all just relief.

## L.R. 5.1 (C) CERTIFICATE OF COMPLIANCE

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.

Respectfully submitted this 27th day of January 2021.

> By: */s/Paul G. Wersant*
> Paul G. Wersant
> Georgia Bar No. 748341
> 3245 Peachtree Parkway, Suite D-245
> Suwanee, Georgia 30024
> Telephone: (678) 894-5876
> Email: pwersant@gmail.com
> Attorney for Plaintiff
> File No. 23842